IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JARQUAY AZZAM ABDULLAH,

                                        Plaintiff,

         v.                                      Civil Action No.
                                                 9:06-CV-0622 (LEK/DEP)
GLENN S. GOORD, *et al.*,

                                        Defendants.

_____

APPEARANCES:                             OF COUNSEL:

FOR PLAINTIFF:

JARQUAY AZZAM ABDULLAH, *pro se*

FOR DEFENDANT:

HON. ANDREW M. CUOMO            JEFFREY M. DVORIN, ESQ.
Attorney General of the
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

        Plaintiff Jarquay Azzam Abdullah, a New York State prison inmate

who is proceeding *pro se* and *in forma pauperis*, has commenced this civil

rights action against the former Commissioner of the Department of

Correctional Services ("DOCS") and several other DOCS employees, complaining of the deprivation of his constitutional rights.  Plaintiff's claim arises out of his involuntary enrollment in a therapeutic drug and alcohol program which, he contends, required his participation in treatment protocol incompatible with his religious beliefs.

In response to plaintiff's complaint defendants have moved seeking its dismissal, arguing that his claim is untimely under the three-year statute of limitations which governs such causes of action in New York. For the reasons set forth below, I recommend that the defendants' motion be granted.

I.     BACKGROUND[1]

At the times relevant to his claims, plaintiff was a prison inmate entrusted to the custody of the DOCS, and assigned to the Chateaugay Correctional Facility ("Chateaugay"), located in Chateaugay, New York. During the period of plaintiff's incarceration there, Chateaugay was the site of two DOCS therapeutic programs, including an alcohol and substance abuse treatment program ("A.S.A.T."), and a comprehensive

---

[1]     In light of the procedural posture of the case, the following recitation of facts has been drawn principally from plaintiff's complaint, Dkt, No. 1, as well as the materials submitted by the plaintiff in opposition to the defendants' motion, Dkt. No. 29, to the extent they are consistent with the allegations set forth in his complaint.  *See Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).

alcohol and substance abuse program ("C.A.S.A.T.").   Following his transfer into the facility, plaintiff was ordered to participate in a twelve-step treatment program for A.S.A.T. and C.A.S.A.T. enrollees.  According to the plaintiff, who is a practicing Muslim, certain requirements of the twelve-step program are inconsistent with his religious beliefs.

In May of 2001 plaintiff wrote to defendant Frank R. Headley, the DOCS Deputy Commissioner of Program Services, inquiring regarding the reasons for his transfer into Chateaugay, and noting that he had no history of drug or alcohol addiction at the time of his arrest.  A month later, on June 26, 2001, plaintiff and a fellow inmate apprised their assigned counselor, O. Stinson, that the twelve-step component of the A.S.A.T./C.A.S.A.T. program was in conflict with Islamic religious tenets. A report of plaintiff's concerns was forwarded by Stinson to administrative officials at Chateaugay, including defendant Allan Roberts, who at the time served as the Superintendent of the facility.  Guidance was sought regarding the issue from defendant John LaConte, the DOCS Director of Ministerial Services, who responded noting that in the past Muslim inmates had participated in the program with few problems, and recommended that any inmate refusing to participate in the twelve-step

3

program be removed and administered serious penalties.

Dissatisfied with the response of prison officials and the receipt of an unsatisfactory rating concerning his participation in the A.S.A.T./C.A.S.A.T. program, plaintiff filed a grievance on July 12, 2001, asserting that the requirement that he participate in the twelve-step program abridged his religious rights.  Five days later, plaintiff received an inmate counseling notification, signed by defendants Cunningham and Everleth, ordering him to participate in all facets of the A.S.A.T./C.A.S.A.T. program.  Plaintiff was further warned during a subsequent conference, chaired by defendant Everleth, that if he did not participate in the program he would be subject to disciplinary measures.

After again writing defendant Headley to complain about the required participation in the twelve-step program, and sending a copy of that letter to former DOCS Commissioner Glenn S. Goord, plaintiff filed another grievance regarding the matter on August 8, 2001.  This second grievance was denied at the facility level on August 24, 2001, and that determination was upheld on appeal to the Central Office Review Committee ("CORC") by decision dated November 7, 2001.

The CORC's decision regarding plaintiff's grievance was later

4

amended on May 21, 2003.  The genesis of that amendment appears to

have been a favorable ruling on a petition filed by the plaintiff pursuant to

Article 78 of the New York Civil Practice Law and Rules in the New York

courts, resulting in a judicial determination that the requirement that he

participate in a twelve-step program which was contrary to his genuinely

held religious beliefs violated the establishment clause of the First

Amendment, and was thus arbitrary and capricious.  *See Matter of*

*Abdullah v. Goord,* No. 2002-164 (Franklin Co. Sup. Ct. April 18, 2003),

(citing, principally, *Griffin v. Coughlin*, 88 N.Y.2d 674, 649 N.Y.S.2d 903

(1996)).

II.    <u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on May 22, 2006.  Dkt. No. 1.

Named as defendants in plaintiff's complaint are Glenn Goord, the former

Commissioner of the DOCS; Frank Headley, the former Deputy

Commissioner of Program Services for the DOCS; John LaConte, the

DOCS Director of Ministerial Services; Karen Bellamy, the Assistant

Director of the CORC; Alan Roberts, the former Superintendent at

Chateaugay; Linda Everleth, a Senior Corrections Counselor at

Chateaugay; and Reed Cunningham, a Program Aide at Chateaugay.

Plaintiff's complaint sets forth a single cause of action, alleging that defendants deprived him of rights guaranteed under the First Amendment by forcing him to participate in an acutely religious program in direct conflict with his personal religious beliefs.

On January 25, 2007 defendants Goord, Headley, LaConte, Bellamy, and Cunningham moved seeking dismissal of plaintiff's complaint on the basis that plaintiff's sole claim is barred by the applicable three-year statute of limitations.  Dkt. No. 23.  Defendant Roberts moved for dismissal of plaintiff's complaint on the same grounds on March 9, 2007.[2] Dkt. No. 28.  Plaintiff has since responded in opposition to defendants' motions, Dkt. No. 29, which are now ripe for determination and have been referred to me for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

A.    Dismissal Motion Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6)

---

[2]      While defendant Everleth, a former DOCS employee working at Chateaugay, has acknowledged service of the summons and complaint in this action, *see* Dkt. Nos. 30, 32, 33, to date she has neither answered nor joined in the pending motions to dismiss.

of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements.  Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, __ F.3d __, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible").  Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim.  *Twombly*, 127 S. Ct. at 1969 (observing that the Court's

7

prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. (1957),

"described the breadth of opportunity to prove what an adequate

complaint claims, not the minimum standard of adequate pleading to

govern a complaint's survival").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept

the material facts alleged in the complaint as true, and draw all inferences

in favor of the non-moving party.  *Cooper v. Pate*, 378 U.S. 546, 546, 84

S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d

292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003);

*Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).

The burden undertaken by a party requesting dismissal of a complaint

under Rule 12(b)(6) is substantial; the question presented by such a

motion is not whether the plaintiff is likely ultimately to prevail, "'but

whether the claimant is entitled to offer evidence to support the claims.'"

*Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d

435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69

F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)).  Accordingly, a

complaint should be dismissed on a motion brought pursuant to Rule

12(b)(6) only where the plaintiff has failed to provide some basis for the

allegations that support the elements of his or her claim.  *See Twombly*,

127 S. Ct. at 1969, 1974.

When assessing the sufficiency of a complaint against this

backdrop, particular deference should be afforded to a *pro se* litigant

whose complaint merits a generous construction by the court when

determining whether it states a cognizable cause of action.  *Erickson*, 127

S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by

lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285,

292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346,

350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d

119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived

deficiency in a *pro se* plaintiff's complaint, a court should not dismiss

without granting leave to amend at least once if there is any indication that

a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d

Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely

given when justice so requires").

    B.   <u>Statute of Limitations</u>

In their motions, defendants assert that plaintiff's claim accrued

9

more than three years prior to the date on which this action should be deemed to have been commenced and, accordingly, is now time-barred.

Consistent with the Supreme Court's pronouncement that in actions brought under 42 U.S.C. § 1983 the applicable limitations period is derived from the general or residual statute of limitations for personal injury actions under the laws of the forum state, *see Owens v. Okure,* 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989), plaintiff's claim in this action is governed by the three-year statute of limitations which applies in New York to personal injury claims of an otherwise unspecified nature. *See* N.Y. C.P.L.R. § 214(5); *see also Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (quoting *Owens*); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995); *Lugo v. Senkowski*, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing *Pinaud* and *Owens*).  Plaintiff's complaint in this action is deemed to have been filed on May 18, 2006.[3] Plaintiff's claims are thus untimely unless found to have accrued on or

---

[3]     While plaintiff's complaint was formally filed with the court on May 22, 2006,  Dkt. No. 1, it is dated May 16, 2006 and, according to the plaintiff, was delivered to the prison facility in which he was incarcerated at the time, contained within an official postage paid envelope, on May 18, 2006.  Plaintiff is therefore entitled to the benefit of the prison mailbox rule, recognized in this circuit and elsewhere as controlling for purposes of applying a statute of limitations to an action brought by a prison inmate, *see Houston v. Lack,* 487 U.S. 266, 270-76, 108 S. Ct. 2379, 2382-85 (1988); *Jones v. Waterbury Police Dep't*, No. 04CV2137, 2005 WL 1185723, at *2 (D. Conn. May 12, 2005), resulting in a filing date of May 18, 2006.

after May 18, 2003.

Despite the fact that state statutes of limitation, which often vary in length from jurisdiction to jurisdiction, apply to such federal claims, the determination of the proper accrual date to affix in connection with a section 1983 claim is controlled by federal law.  *Ormiston*, 117 F.3d at 71. Such a claim accrues when the plaintiff "'knows or has reason to know of the injury which is the basis of his [or her] action.'"  *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (citation omitted), *cert. denied*, 450 U.S. 920, 101 S. Ct. 1368 (1981).  It is readily apparent, even from plaintiff's own version of the facts, that by 2001 he was well aware of the potential establishment clause deprivation of which he now complains, arising from the requirement that he participate in the twelve-step program.

Plaintiff may argue that notwithstanding the prior expiration of the three year limitations period, measured from the date of the CORC's first ruling, his Article 78 proceeding and the CORC's later summary reversal of its earlier determination should start the statute of limitations clock ticking anew.  While federal law determines when a section 1983 claim accrues, state tolling principles inform the analysis of whether the

limitations period has been tolled, unless those rules would "'defeat the goals'" of section 1983.[4]  *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (quoting *Hardin v. Straub*, 490 U.S. 536, 539, 109 S. Ct. 1998 (1989)).  Under New York law, there is no tolling while a litigant pursues related but independent causes of action.  *See Board of Regents v. Tomanio*, 446 U.S. 478, 484-87, 100 S. Ct. 1790, 1795-96 (1980).  Accordingly, a plaintiff's pursuit of a state remedy, such as through the commencement of an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983.  *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citing *Meyer v. Frank*, 550 F.2d 726, 728-730 (2d Cir. 1977) and *Williams v. Walsh*, 558 F.2d 667, 673 (2d Cir.

---

[4]     As defendants note, the courts are markedly split on whether the applicable statute of limitations is tolled while an inmate satisfies his or her statutory obligation to exhaust available internal remedies before commencing suit.  *Contrast McKinnis v. Williams*, No. 00 Civ. 8357, 2001 WL 873078, at *2 (S.D.N.Y. Aug. 1, 2001) (recognizing New York statutory tolling provision, which provides that "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced") *and Hayes v. N.Y.S. D.O.C. Officers*, No. 97 Civ. 7383, 1998 WL 901730, at *6 (S.D.N.Y. Dec. 28, 1998) ("Had plaintiff pursued his administrative remedies after the effective date of the PLRA, when doing so became mandatory, there would be no question that the statute of limitations would have been tolled during the pendency of those proceedings.") *with Thomas v. Henry*, No. 02 Civ. 2584, 2002 WL 922388, at *2 (S.D.N.Y. May 7, 2002) ("'[T]he pendency of a grievance . . . does not toll the running of the limitations period.'") (quoting *Del. State Coll. v. Ricks*, 449 U.S. 250, 261, 101 S. Ct. 498, 506 (1980)).  Because the grievance process was completed on November 7, 2001, and plaintiff was legally positioned at that juncture to file suit, notwithstanding the intervening Article 78 proceeding and amended CORC ruling, it is unnecessary to address and resolve this question.

1977)).

It should be noted that in this instance, the question of whether the CORC ruled in his favor or against him in its initial decision is legally irrelevant to plaintiff's section 1983 claims.  The CORC's initial decision represented the culmination of the internal grievance process, thus positioning the plaintiff to pursue his section 1983 claim.  In light of these circumstances, there is no basis to find that new life was breathed into plaintiff's expired claim by virtue of the CORC's summary reversal, in response to the state court's Article 78 decision.  *See Abbas*, 480 F.3d at 641 (citing *Arce v. Selsky*, 233 A.D.2d 641, 642, 650 N.Y.S.2d 48, 48 (3d Dep't 1996)).

The Second Circuit has recognized that under certain compelling circumstances equitable tolling may be invoked to avoid dismissal of an otherwise stale claim based upon a governing statute of limitations.  When a "defendant fraudulently conceals the wrong", equitable tolling applies and "the time [limit of the statute of limitations] does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action."  *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir. 1983).  To take advantage of this doctrine, a plaintiff must

submit non-conclusory evidence of a conspiracy or other fraudulent wrong which precluded the discovery of the harm suffered. *Pinaud*, 52 F.3d at 1157-58 (citation omitted). Having carefully reviewed the record, I discern no basis to invoke equitable tolling in this case in order to salvage what is an otherwise patently untimely claim of the plaintiff.

In sum, even accepting the allegations of plaintiff's complaint as true and giving him the benefit of all inferences, the three year statute of limitations which governs his claim had expired long before the commencement of this suit, and there exists no basis to conclude that tolling, equitable or otherwise, should apply – at least not beyond expiration of the internal grievance process in November of 2001. Plaintiff's claim is therefore subject to dismissal as time-barred.

IV.   SUMMARY AND RECOMMENDATION

Considered in a light most favorable to the plaintiff, the facts set forth in his complaint establish that his section 1983 claim accrued, at the very latest, on November 7, 2001 when the CORC issued its decision and ended the internal grievance process which plaintiff was legally required to complete before commencing suit. Since this action is deemed to have been filed, at the earliest, on May 18, 2006 – well after expiration of the

14

governing three year statute of limitations – and there is no basis to find

equitable tolling, I recommend that defendants' motions to dismiss

plaintiff's complaint be granted in their entirety as to defendants Goord,

Headley, LaConte, Bellamy, Cunningham, and Roberts, leaving only

plaintiff's claims as against defendant Everleth pending.[5]

Based upon the foregoing it is hereby

RECOMMENDED that the foregoing defendants' motions to dismiss

plaintiff's complaint, Dkt. Nos. 23, 28, be GRANTED in their entirety, and

all claims against these defendants be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within

which to file written objections to the foregoing report.  Such objections

shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS

REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*,

984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of

---

[5]      Plaintiff's claims against defendant Everleth appear to suffer from the same deficiency as those now recommended for dismissal.  Because the statute of limitations provides an affirmative defense which is waivable, *Sullivan v. LaPlante*, No. 03 CV 359, 2005 WL 1972555, at *7 n.15 (N.D.N.Y. Aug. 16, 2005) (Sharpe, J.) (citing *United States v. Spero*, 331 F.3d 57, 60 n.2 (2d Cir. 2004) and *United States v. Walsh*, 700 F.2d 846, 855-56 (2d Cir. 1983)), however, I do not recommend dismissal of plaintiff's claims against her at this juncture.

this report and recommendation upon the parties in accordance with this

court's local rules.


Dated:      July 26, 2007
            Syracuse, NY



David E. Peebles
U.S. Magistrate Judge