IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JARQUAY AZZAM ABDULLAH,

                        Plaintiff,

    v.                                          Civil Action No.
                                                 9:06-CV-0622 (LEK/DEP)

GLENN S. GOORD, *et al.*,

                        Defendants.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

JARQUAY AZZAM ABDULLAH, *pro se*

FOR DEFENDANT:

HON. ANDREW M. CUOMO          JEFFREY M. DVORIN, ESQ.
Attorney General of the
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff Jarquay Azzam Abdullah, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this civil rights action against the former Commissioner of the Department of

Correctional Services ("DOCS") and several other DOCS employees, complaining of the deprivation of his constitutional rights. Plaintiff's claim arises out of his involuntary enrollment in an inmate therapeutic drug and alcohol program which, he contends, required his participation in treatment protocols incompatible with his religious beliefs.

In the wake of a prior dismissal of plaintiff's claims against her fellow defendants as untimely, defendant Linda Everleth has now moved seeking similar relief, arguing that Abdullah's claim against her is also barred by virtue of the three-year statute of limitations which governs such causes of action in New York. For the reasons set forth below, I recommend that the defendant's motion be granted.

I.   BACKGROUND[1]

At the times relevant to his claims, plaintiff was a prison inmate entrusted to the custody of the DOCS, and assigned to the Chateaugay Correctional Facility ("Chateaugay"), located in Chateaugay, New York. During the period of plaintiff's incarceration there, Chateaugay was the site of two DOCS therapeutic programs, including an alcohol and

---

[1] In light of the procedural posture of the case, the following recitation of facts has been drawn principally from plaintiff's complaint, Dkt, No. 1, as well as the materials submitted by the plaintiff in opposition to the defendants' motion, Dkt. No. 29, to the extent they are consistent with the allegations set forth in his complaint. *See Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).

substance abuse treatment program ("A.S.A.T."), and a comprehensive alcohol and substance abuse program ("C.A.S.A.T."). Following his transfer into the facility, plaintiff was ordered to participate in a twelve-step treatment program for A.S.A.T. and C.A.S.A.T. enrollees. According to the plaintiff, who is a practicing Muslim, certain requirements of the twelve-step program are inconsistent with his religious beliefs.

In May of 2001 plaintiff wrote to defendant Frank R. Headley, the DOCS Deputy Commissioner of Program Services, inquiring regarding the reasons for his transfer into Chateaugay, and noting that he had no history of drug or alcohol addiction at the time of his arrest. A month later, on June 26, 2001, plaintiff and a fellow inmate apprised their assigned counselor, O. Stinson, that the twelve-step component of the A.S.A.T./C.A.S.A.T. program was in conflict with Islamic religious tenets. A report of plaintiff's concerns was forwarded by Stinson to administrative officials at Chateaugay, including defendant Allan Roberts, who at the time served as the Superintendent of the facility. Guidance was sought regarding the issue from defendant John LaConte, the DOCS Director of Ministerial Services, who responded noting that in the past Muslim inmates had participated in the program with few problems, and

3

recommended that any inmate refusing to participate in the twelve-step program be removed and administered serious penalties.

Dissatisfied with the response of prison officials and the receipt of an unsatisfactory rating concerning his participation in the A.S.A.T./C.A.S.A.T. program, plaintiff filed a grievance on July 12, 2001, asserting that the requirement that he participate in the twelve-step program abridged his religious rights. Five days later, plaintiff received an inmate counseling notification, signed by defendants Cunningham and Everleth, ordering him to participate in all facets of the A.S.A.T./C.A.S.A.T. program. Plaintiff was further warned during a subsequent conference, chaired by defendant Everleth, that if he did not participate in the program he would be subject to disciplinary measures.

After again writing defendant Headley to complain regarding the required participation in the twelve-step program, and sending a copy of that letter to former DOCS Commissioner Glenn S. Goord, on August 8, 2001 plaintiff filed another grievance regarding the matter. This second grievance was denied at the facility level on August 24, 2001, and that determination was upheld on appeal to the Central Office Review Committee ("CORC") by decision dated November 7, 2001.

The CORC's decision regarding plaintiff's grievance was later amended on May 21, 2003. The genesis of that amendment appears to have been a favorable ruling on a petition filed by the plaintiff pursuant to Article 78 of the New York Civil Practice Law and Rules in the New York courts, resulting in a judicial determination that the requirement that he participate in a twelve-step program which was contrary to his genuinely held religious beliefs violated the establishment clause of the First Amendment, and was thus both arbitrary and capricious. *See Matter of Abdullah v. Goord,* No. 2002-164 (Franklin Co. Sup. Ct. April 18, 2003), (citing, principally, *Griffin v. Coughlin*, 88 N.Y.2d 674, 649 N.Y.S.2d 903 (1996)).

II.   PROCEDURAL HISTORY

Plaintiff commenced this action on May 22, 2006. Dkt. No. 1. Plaintiff's complaint sets forth a single cause of action, alleging that defendants deprived him of rights guaranteed under the First Amendment by forcing him to participate in an acutely religious rehabilitation program in direct conflict with his personal religious beliefs.

On January 25, 2007 defendants Goord, Headley, LaConte, Bellamy, and Cunningham moved seeking dismissal of plaintiff's complaint

on the basis that plaintiff's sole claim against them is barred by the applicable three-year statute of limitations. Dkt. No. 23. Defendant Roberts later filed a similar dismissal motion on March 9, 2007. In a report issued on July 26, 2007, I recommended that those motions be granted. Dkt. No. 35. By order of Senior United States District Judge Lawrence E. Kahn, issued on September 24, 2007, that recommendation was adopted in its entirety, and plaintiff's complaint as to those defendants was dismissed.[2] Dkt. No. 43.

At the time her co-defendants moved seeking dismissal of plaintiff's claims defendant Everleth, a former DOCS employee working at Chateaugay, had acknowledged service of the summons and complaint in this action, *see* Dkt. Nos. 30, 32, 33, but had neither answered nor joined in the pending motions to dismiss. Defendant Everleth has since moved to dismiss plaintiff's claims against her, offering the same grounds propounded in her co-defendants' motions, alleging principally that plaintiff's complaint is subject to dismissal because his claims are barred by the applicable statute of limitations. Dkt. No. 38. While plaintiff has not

---

[2] On October 24, 2007, plaintiff filed a notice signaling his intention to appeal that decision to the United States Court of Appeals for the Second Circuit. Dkt. No. 44.

filed a formal opposition to defendant Everleth's motion, he has informed the court that since the basis for his opposition to dismissal was previously considered by me in my report and recommendation addressing the prior motions to dismiss, he did not plan to address the identical issue raised in defendant Everleth's motion.  *See* Dkt. No. 41.

Defendant's motion, which is now ripe for determination, has been referred to me for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

As acknowledged in my report and recommendation dated July 26, 2007, familiarity with which is assumed, plaintiff's claims against defendant Everleth suffer from the same deficiency as those dismissed as to her co-defendants.  Dkt. No. 35 at n. 5.  Simply stated, when considering plaintiff's allegations in a light most favorable to him, the facts set forth in his complaint establish that his section 1983 claim accrued, at the very latest, on November 7, 2001 when the CORC issued its decision and ended the internal grievance process which plaintiff was legally

required to complete before commencing suit.³  Since this action has previously been deemed to have been filed, at the earliest, on May 18, 2006 – well after the expiration of the governing three year statute of limitations – and there is no basis to find equitable tolling, in light of Judge Kahn's decision and order dismissing plaintiff's claims against Everleth's co-defendants on this same ground, I recommend that defendant Everleth's motion to dismiss be granted in its entirety.

Based upon the foregoing it is hereby

RECOMMENDED that defendant Everleth's motion to dismiss plaintiff's claims against her (Dkt. No. 38) be GRANTED, and that all remaining claims in the action be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS

---

³ Implicit in plaintiff's opposition to the earlier-filed dismissal motions is the contention that while the CORC addressed his grievance in November of 2001, his claim did not accrue until the CORC reversed fields in May, 2003 and issued a ruling favorable to him.  Plaintiff's argument in this regard hinges upon a false premise.  The law requires only that an inmate in plaintiff's circumstances exhaust available remedies through to a decision by the CORC; it does not require that the CORC's decision be favorable.  *See Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citing *Arce v. Selsky*, 233 A.D.2d 641, 642, 650 N.Y.S.2d 48, 48 (3d Dep't 1996)).  Accordingly, plaintiff was positioned to commence this action upon issuance of the CORC's November, 2001 initial decision, albeit unfavorable to him, and his claim thus accrued, at the latest, on that date.

REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: November 7, 2007
Syracuse, NY

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge